**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YAZMIN RIVERA OROZCO; et al., | No.   19-73280 |
| Petitioners, | Agency Nos.    A206-917-066 |
| v. | A206-917-067 |
| MERRICK B. GARLAND, Attorney General, | A206-917-068 |
| | A206-917-069 |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 4, 2021[**]
Portland, Oregon

Before:  W. FLETCHER, IKUTA, and BRESS, Circuit Judges.

Yazmin Rivera Orozco seeks review of a decision of the Board of

Immigration Appeals (BIA) affirming the decision of an Immigration Judge (IJ)

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denying her claims for asylum and withholding of removal under 8 U.S.C. § 1231(b)(3). We have jurisdiction under 8 U.S.C. § 1252.

The agency's conclusion that it would be reasonable to expect Rivera-Orozco to relocate to another part of Mexico was supported by substantial evidence, including its findings that the Knights Templar cartel is a localized threat, Rivera Orozco's family lives peacefully in Mexico, and some work is available in Mexico and she is physically capable of working. Rivera Orozco's situation, therefore, was not analogous to the situation of an elderly couple who had "no means of supporting themselves" and had no family in the proposed country of removal. *Knezevic v. Ashcroft*, 367 F.3d 1206, 1214–15 (9th Cir. 2004). Rivera Orozco did not dispute the agency's findings that she did not suffer past persecution, or that it would be possible for her to avoid future persecution by relocating elsewhere in Mexico. Therefore, the agency did not err in concluding that Rivera-Orozco was not eligible for asylum or withholding of removal. *See* 8 C.F.R. § 1208.13(b)(2)(ii); 8 C.F.R. § 1208.16(b)(2). We reject Rivera Orozco's argument that generalized violence in Mexico compels a contrary result. *See Hussain v. Rosen*, 985 F.3d 634, 648–49 (9th Cir. 2021).

**PETITION DENIED**